**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

vs.                                        Case Nos.:  5:15-cr-1/MW/MJF
                                                       5:16-cv-185/MW/MJF

DONTA LEMONT SPURLIN

---

## REPORT AND RECOMMENDATION

This matter is before the court upon the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed by Defendant Donta Lemont Spurlin ("Spurlin"). (ECF No. 31).[1] The Government filed a response (ECF No. 40), and Spurlin, in lieu of a reply, filed a motion to amend, two motions pursuant to Fed. R. Civ. P. 60, and two motions to supplement. (ECF Nos. 45, 51, 52, 57, 58). The Government filed a consolidated response to several of these motions, and Spurlin filed a reply and a notice of supplemental authority. (ECF Nos. 60-62). After a review of the record and the arguments presented, the undersigned recommends that the § 2255 motion be denied without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

## I – Procedural Background

On January 20, 2015, a federal grand jury charged Spurlin in a two-count indictment. Count one charged Spurlin with possession with intent to distribute fifty (50) grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(viii) and 846 and count two charged possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 9). The Government set up a drug deal with Spurlin, and when law enforcement agents searched his residence they recovered a firearm and ammunition. Spurlin was represented by appointed counsel Dustin Scott Stephenson. On March 4, 2015, Spurlin pleaded guilty to both counts. (ECF Nos. 17-19).

The final Presentence Investigation Report ("PSR") calculated Spurlin's total offense level using a multiple count adjustment. Spurlin's adjusted offense level as to count one was 26. (ECF No. 25, PSR ¶¶ 24-29). His adjusted offense level as to count two was 22. (PSR ¶¶ 30-35). Spurlin's combined adjusted offense level of 28 was reduced to a total offense level of 25 after a three-level reduction for acceptance of responsibility. (PSR ¶¶ 36-43). Spurlin's criminal history category was IV (PSR ¶¶ 56-58), and the applicable advisory guidelines range was 84 to 105 months of imprisonment (PSR ¶ 90). Count one carried a mandatory minimum term of five

years of imprisonment and a maximum of forty years of imprisonment. Count two carried a maximum term of ten years of imprisonment. (PSR ¶ 89).

On June 3, 2015, Senior United States District Court Judge Robert L. Hinkle sentenced Spurlin to concurrent terms of 84 months of imprisonment on each count. (ECF No. 28, 29, 38). Judge Hinkle also sentenced Spurlin in case 5:05-cr-17 to a consecutive term of 37 months of imprisonment for violating his term of supervised release.[2] (ECF No. 38). Judgment was entered on June 8, 2015. Spurlin did not appeal.

Spurlin filed his § 2255 motion on June 20, 2016,[3] raising three claims. (ECF No. 31 at 13). He asserts that: (1) his attorney was constitutionally ineffective during the plea-bargaining stage; (2) he did not plead guilty knowingly, voluntarily, and intelligently; and (3) counsel misadvised him about his right to appeal. As to the first two claims, Spurlin references supplemental pages. However, the attachment to his

---

[2] In case 5:05-cr-17/MW, Spurlin originally received a sentence of 108 months of imprisonment for his involvement in a conspiracy to distribute cocaine base. He was still on supervised release in that case at the time he committed the offenses relevant to the instant case. (ECF No. 25, PSR ¶ 54).

[3] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover,* 686 F.3d 1203, 1205 (11th Cir. 2012) (quotations omitted); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

motion bears the name "Andres Roberto Cruz-Nieves," and although it contains argument as to three grounds for relief, only the latter two can arguably relate to Spurlin's case. (*See* ECF No. 31 at 14-15).[4]

Spurlin received two extensions of time to file his reply (*see* ECF Nos. 42, 44), and on January 26, 2017, the clerk received Spurlin's Motion for Leave to Amend his § 2255 motion. (ECF No. 45). Spurlin sought to strike the pages from his original motion that he states were "inadvertently attached relating to Andre Roberto Cruz-Nieves, that is, document #31 pages 14 and 15" and to substitute the narrative he provided in the motion to amend. (ECF No. 45 at 1). The court compared Spurlin's motion and the proposed amendment and determined that the proposed amendment only related to the first of Spurlin's three grounds for relief. (ECF No. 46 at 1). The arguments as to Grounds Two and Three on page 15 loosely correlated to the claims on the § 2255 form, despite the appearance of Mr. Cruz-Nieves' name in the header. Therefore, the court granted Spurlin's motion only to the extent that the argument contained in the amendment would replace page 14 of his original submission. (ECF No. 46 at 2).

---

[4] The Government's response references "Grounds One through Seven" of Spurlin's motion. (ECF No. 40 at 10). The Government, however, discusses only the three grounds Spurlin raised. (ECF No. 40 at 16-18). The undersigned therefore assumes that this merely was a typographical error on the Government's part.

Spurlin filed two motions for subpoenas duces tecum to order the production of documents from the Government. (ECF No. 48, 49). Magistrate Judge Gary R. Jones denied Spurlin's motions after finding that the requested documents were unnecessary to address Spurlin's § 2255 motion. (ECF No. 50).

Spurlin filed a Motion for Relief Pursuant to Fed. R. Civ. P. 60(b) and 60(d), a supplement thereto, and a Request for Permission to File a Supplement to his § 2255 motion, each of which addresses the propriety of the indictment based on an alleged deficiency in the personnel documents of the prosecuting Assistant United States Attorney. (ECF Nos. 51, 52, 57). The Government filed a consolidated response to these submissions. (ECF No. 60). Spurlin then filed a request for permission to file a second supplement to his § 2255 motion. (ECF No. 58). These motions remain pending and are addressed in this recommendation.

## II – Standard

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its

Page 5 of 34

jurisdiction, (3) exceeded the maximum authorized by law, or (4) otherwise is subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal generally are not actionable in a section 2255 motion and are procedurally barred. *Lynn*, 365 F.3d at 1234-35; *see Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d at 1195. An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1)

Page 6 of 34

cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Ineffective assistance of counsel claims generally are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two-part test also applies to counsel's assistance in pleading guilty. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing

*Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). A defendant must show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id.* at 163 (quoting *Hill*, 474 U.S. at 59).

In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315-16 (11th Cir. 2000) (discussing presumption of reasonableness of

counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").

*Strickland* also requires courts to evaluate counsel's performance without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S. at 693). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d

740, 754 (11th Cir. 2010). In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04 (2001).

To establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333-34 (11th Cir. 2012); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (holding that counsel was not ineffective for failing to make a meritless objection); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (holding that counsel was not ineffective for failing to

Page 10 of 34

raise issues clearly lacking in merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (holding that counsel was not ineffective for failing to preserve or argue meritless issues).

This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Eleventh Circuit has recognized that given this standard, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313.

As to evidentiary hearings, not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon*, 518 F.3d at 1301. To be entitled to a hearing, a

Page 11 of 34

defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Accordingly, conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

## III – Analysis

### A.    GROUND ONE – INEFFECTIVE ASSISTANCE OF COUNSEL

Spurlin argues that his counsel performed ineffectively during the plea-bargaining stage. (ECF No. 31 at 4; ECF No. 45 at 2). The basis for his allegation is that counsel "failed to inform Mr. Spurlin that the alleged firearm used to support the 18 U.S.C. § 922(g)(1) conviction was—as Mr. Spurlin asserted—not his and was not in his control or dominion." (ECF No. 45 at 2). Spurlin claims that if counsel had investigated, counsel would have contacted the owner of the firearm, whom Spurlin does not identify, and obtained a sworn statement averring that Spurlin was not the owner and did not have possession of the firearm.

Page 12 of 34

Spurlin and his attorney signed a statement of facts in support of his guilty plea. (ECF No. 19). According to this written statement of facts, law enforcement agents went to the premises where Spurlin resided with his girlfriend at the time of the offense conduct and obtained consent to search from Spurlin's girlfriend. (*Id*. at 2). "In a chest of drawers in Spurlin's bedroom, Spurlin possessed an unloaded Glock .45 caliber semi-automatic pistol and three magazines loaded with 30 rounds of DRT .45 caliber ammunition." (ECF No. 19 at 2).

At Spurlin's plea hearing, the court explained the charges to him. As to count two, the court explained that the Government asserted that Spurlin, after having previously been convicted to a crime punishable by a term of imprisonment exceeding one year, "did knowingly possess a firearm; namely, a Glock .45 caliber pistol, and DRT .45 caliber ammunition." (ECF No. 39 at 8-9). Spurlin stated, under oath, that he understood the charges to which he intended to plead guilty. (*Id.* at 9). He further assured the court he had carefully reviewed the statement of facts with his lawyer and the facts contained therein were true. (*Id.* at 10). He indicated he was pleading guilty because he had committed the two crimes. (*Id.* at 14-15). Finally, Spurlin assured the court that he had sufficient time to talk to his lawyer about the case, that counsel had answered all his questions, and that he had no complaints. (*Id.* at 13-14).

The court found that Spurlin was alert and intelligent, understood the charges against him, freely and voluntarily made the decision to plead guilty, and that Spurlin had been advised by a competent lawyer with whom Spurlin indicated satisfaction. (*Id*. at 15). The court also found that the facts the Government was prepared to prove, "and which [Defendant] admitted under oath in open court" were sufficient to sustain findings of guilt on each element of the charges in the indictment. (*Id)*.

In raising the instant claim, Spurlin asks this court to find that his sworn statements were lies. Spurlin, however, has not shown that he lied under oath at the plea hearing. A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *Winthrop-Redin v. United States*, 767 F.3d at 1216 (citing *Blackledge*). This is because solemn declarations made by a defendant under oath in court carry a strong presumption of verity. *Blackledge*, 431 U.S. at 73-74; *Winthrop-Redin,* 767 F.3d at 1216 (citing *Blackledge*). They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice. *Blackledge*, 431 U.S. at 73-74; *Winthrop-Redin*, 767 F.3d at 1216. In fact, such allegations are subject to summary dismissal. *Winthrop-Redin*, 767 F.3d at 1216

(citing *Blackledge*, 431 U.S. at 74). A defendant "bears a heavy burden to show his statements [under oath] were false." *Winthrop-Redin,* 767 F.3d at 1217 (quoting *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (quoting *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)).

Spurlin has not overcome the presumption that his counsel acted reasonably. There is no evidence that Spurlin did not possess the firearm noted in the written statement of facts and discussed during his plea colloquy. His mere claim that he did not possess it is insufficient to overcome his admissions under oath to the contrary. Because he has not shown that he did not possess a firearm, Spurlin has not shown that his attorney's performance was deficient or that Spurlin suffered any prejudice from his attorney's actions. He has utterly failed to establish a claim of ineffective assistance regarding the entry of his guilty plea.[5]

---

[5] On July 5, 2019, Spurlin submitted supplemental authority in support of his claim. (ECF No. 62). Specifically, Spurlin directs this court's attention to *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191, 2200 (2019). In *Rehaif* the Court held that to secure a conviction against an illegal alien under § 922(g)(5) and § 924(a)(2), the Government must establish that an illegal alien defendant knew he was a person prohibited from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200. For a number of

**B.    GROUND TWO – CONSTITUTIONALITY OF THE GUILTY PLEA**

Spurlin next asserts that his guilty plea was made unintelligently, unknowingly, and involuntarily. (ECF No. 31 at 14, 15). Spurlin argues that he entered his guilty plea without the knowledge that 18 U.S.C. § 924(c) is unconstitutional and that he was actually innocent of this crime. (ECF No. 31 at 14-15).[6]

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent. *Parke v. Raley*, 506 U.S. 20, 28, 29 (1992) (holding that "guilty plea must

---

reasons, *Rehaif* provides no support for Spurlin's claims.

First, Spurlin is not an illegal alien and he was convicted under § 922(g)(1), not § 922(g)(5). The *Rehaif* Court specifically stated that it expressed no view as to what the government would have to establish with "respect to other § 922(g) provisions not at issue here." *Rehaif*, 139 S. Ct. at 2200. Second, Spurlin never argued to this court that he did not know he was a convicted felon. Third, even if Spurlin had claimed ignorance of his status as a convicted felon, his lengthy criminal history and extensive experience with the criminal justice system, the fact that Spurlin was an experienced drug dealer, and the fact the he was on federal supervised release at the time he committed the offenses at issue, would make any claim that Spurlin did not know he was a convicted felon incredible.

[6] Spurlin also complains that he did not realize that his "plea agreement waived his right to habeas corpus." (ECF No. 31 at 15). The plea agreement contains no such waiver. In any event, even if it did contain such a waiver, the Government has not sought to enforce a waiver, and Spurlin has filed this § 2255 motion—which is a form of habeas relief—and this court has carefully considered that motion. Thus, Spurlin has not shown that he waived his habeas rights or that he suffered any prejudice from any waiver of habeas rights.

Page 16 of 34

be both knowing and voluntary" and must be a "voluntary and intelligent choice among the alternative courses of action" available to defendant); *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."). A guilty plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Nevertheless, a "guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge, no matter how peripheral such a plea might be to the normal focus of counsel's inquiry." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

But there is a "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro*, 538 U.S. at 504; *Bousley*, 523 U.S. at 621-22; *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Lynn*, 365 F.3d at 1232 (explaining that an issue is "available" on direct appeal when it can be reviewed on the merits without further factual development). If an issue was available on appeal, a court cannot consider the ground presented in a § 2255 motion,

Page 17 of 34

unless the defendant shows: (1) cause for not raising the ground on direct appeal and actual prejudice resulting from the alleged error, or (2) that a constitutional violation has likely resulted in his conviction, even though he is actually innocent. *Lynn*, 365 F.3d at 1234.

Spurlin has failed to articulate—much less demonstrate—cause for his failure to raise this issue in a direct appeal. But even if he established cause, he has not demonstrated or articulated any prejudice insofar as he has not shown that he pleaded guilty to an offense that was unconstitutional or of which he was actually innocent. Spurlin provides no support for his assertion that there was a constitutional challenge available to him, and none is apparent from the record. Even if some constitutional challenge "was available to him," Spurlin has not shown that this constitutional ground for relief was a meritorious one. Spurlin has the burden of providing these details and persuading this court that he was deprived of a constitutional or statutory right. A "§ 2255 movant 'bears the burden to prove the claims in his § 2255 motion.'" *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (quoting *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015)); *LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014); *Barnes v. United States*, 579 F.2d 364, 366 (5th Cir. 1978) (holding that a § 2255 movant has "the burden of showing that he was entitled to relief"). This burden entails a secondary "burden to allege and

Page 18 of 34

prove facts which would entitle him to relief." *Coon v. United States*, 441 F.2d 279, 280 (5th Cir. 1971). "In other words, the district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief . . . ." *In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016). In light of the numerous deficiencies with this claim, Spurlin's claim that he pleaded guilty involuntarily or ignorantly also fails.

## C.    GROUND THREE – INEFFECTIVE ASSISTANCE OF COUNSEL AS TO AN APPEAL

Spurlin's third claim primarily relates to his counsel's advice about an appeal, although it encompasses ancillary issues. Each will be discussed in turn.

Spurlin first asserts trial counsel performed inadequately by advising him that he could appeal only his sentence, not his conviction. (ECF No. 31 at 7). This is essentially the advice the court gave Spurlin at the plea proceeding, when it ensured he understood the ramifications of pleading guilty and the rights he would waive by doing so. (ECF No. 39 at 7). The court warned Spurlin that by pleading guilty, he would give up any defense he had to the charges and although he "may or may not be able to get an appellate court to review" his sentence, he would not be able to take back his guilty plea. (*Id*). Spurlin affirmatively indicated that he understood this. (*Id.* at 8). Review of a conviction on direct appeal after a guilty plea is the exception rather the norm, because a guilty plea bars appeal of many claims, including some

Page 19 of 34

antecedent constitutional violations and non-jurisdictional defects. *See Class v. United States*, 583 U.S. ___, 138 S. Ct. 798, 805-06 (2018); *Blackledge v. Perry*, 417 U.S. 21, 30 (1974); *Tollett v. Henderson*, 411 U.S. at 267; *see also Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam) (holding that "a guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea"). Spurlin's motion reflects that he understood he could appeal his sentence, but the record is bereft of any indication that he requested counsel file an appeal. Spurlin has not shown trial counsel was ineffective.

Spurlin also alleges that trial counsel was ineffective because he "failed to present the suppression of evidence claim." (ECF No. 31 at 7). When counsel's alleged ineffectiveness involves a failure to competently litigate a Fourth Amendment claim, to demonstrate actual prejudice, a defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the outcome of the proceedings would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Green v. Nelson*, 595 F.3d 1245, 1251-52 (11th Cir. 2010). Spurlin does not suggest a viable legal challenge to either the initial traffic stop or the search of his residence. As to the former, the stop was based on reasonable suspicion stemming from a controlled call between Spurlin and a confidential informant working with the DEA to arrange a

drug transaction. (*See* ECF No. 25, PSR ¶¶ 12-14; ECF No. 40-1 at 3). As to the latter, the uncontroverted record reflects Spurlin was living with his girlfriend at the time of the offense conduct, and she consented to the search of their joint residence which yielded the firearm and ammunition. Furthermore, counsel was correct in telling Spurlin that an appeal raising a Fourth Amendment claim was barred by Spurlin's guilty plea. *See Class*, 138 S. Ct. at 803, 805 (noting that a guilty plea waives a defendant's right "to challenge the admissibility of evidence obtained in violation of the Fourth Amendment"). Spurlin's counsel cannot be faulted for accurately stating the law and for not raising a meritless claim. Thus, Spurlin has failed to meet his burden of showing counsel's performance was constitutionally deficient.

Spurlin next contends that counsel failed to recognize "the probation office's inconsistent positions regarding whether the firearm was stolen." (ECF No. 31 at 7). Spurlin fails to explain how this is relevant to any appeal he might have filed. In any event, the final PSR was amended based on information received by the probation officer indicating that the firearm Spurlin possessed had been stolen. (*See* ECF No. 25, PSR ¶ 115). Paragraph 16 of the PSR was amended to reflect the weapon was listed as stolen, and a two-level adjustment was added to the offense level calculation as to count two pursuant to U.S.S.G. § 2K2.1(b)(4)(A). This resulted in an increase

in Spurlin's total offense level from 24 to 25. (Compare, ECF No. 25, PSR ¶¶ 30-43 *with* ECF No. 23, Draft PSR ¶¶ 30-43). Spurlin does not suggest that information about the firearm being stolen was erroneous, only that it was "inconsistent." Spurlin has offered no meritorious ground for an objection, and defense counsel is not constitutionally ineffective for failing to make a meritless objection, or failing to file a meritless appeal. *Denson*, 804 F.3d at 1342; *Brownlee*, 306 F.3d at 1066. Because any such objection and appeal would have been meritless, Spurlin also has not shown that he suffered any prejudice.

Finally, Spurlin asserts that his counsel was constitutionally ineffective for failing to advise him about the "consequences of not appealing." (ECF No. 31 at 15). He states:

> Counsel knew the Petitioner was unhappy with the consecutive sentence; and counsel should have known that failure to raise a sentencing error claim on direct appeal foreclosed the claim's use, even if the use arose from a retroactively applicable Supreme Court decision. The combination of the Petitioner's dissatisfaction and the procedural default doctrine should have provided the impetus for counsel to either spend the time to ensure the defendant under the consequences of not appealing or to have filed the appeal.

(ECF No. 31 at 15). Spurlin also insists that any rational attorney would have appealed "if for no other reason than to preserve the standards of review." (*Id*).

The affidavit of Spurlin's former attorney, Dustin Stephenson, is included with the Government's response. (ECF No. 40-1). The affidavit clearly sets forth that Mr. Stephenson has significant experience practicing criminal law, both as a prosecutor and a defense attorney. (*Id*. at 1-2). Mr. Stephenson describes at considerable length his conversations with Spurlin about his appellate options, both before and after sentencing, and he recalls that Spurlin was unwavering in his desire to enter a guilty plea and not to appeal. (*Id*. at 4-5). Mr. Stephenson explains that after sentencing, he met with Spurlin in the holding cell to again discuss appellate options. (*Id*. at 4). He characterizes Spurlin as pleased with the 84-month sentence he received in this case, although less pleased with the 37-month consecutive sentence he received for his violation of the terms of his supervised release, which is not the subject of the instant motion. (*Id*). Counsel recalls that his client "seemed to understand that there weren't any real issues to appeal," because the low-end Guidelines sentence, despite Spurlin's criminal history, was "exactly what [they] wanted." (*Id*).

Mr. Stephenson explains that he advised his client that they could file an appeal if that's what Spurlin wanted, although it "would likely focus more on sentencing issues." (ECF No. 40-1 at 4). In response, Spurlin clearly stated that he did not want to appeal. Counsel notes that the fact of the consecutive sentence in the

Page 23 of 34

VOSR case, while disappointing to Spurlin, was not a reason to file a notice of appeal. Counsel also disputed Spurlin's assertion that "any reasonable attorney should appeal simply to preserve the standards of review." (*Id.* at 5).

Appended to Mr. Stephenson's affidavit is the letter he sent to Spurlin memorializing the outcome of the case and the fact that Spurlin did not want to file an appeal. (*Id.* at 6). The letter reiterates that Spurlin should immediately contact counsel if he changed his mind about an appeal. Counsel states in his affidavit that Spurlin never notified him that he wanted to appeal, and he still believes that Spurlin was satisfied and did not want to appeal. (*Id.* at 4).

As noted above, Spurlin never filed a reply to the Government's response, despite having twice moved for an extension of time in which to do so. (ECF Nos. 41-44). Therefore, Mr. Stephenson's affidavit is unrebutted.

A lawyer who disregards a client's specific instructions to file a notice of appeal acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). If a defendant does not instruct counsel to file an appeal, the court must consider a "separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." *Id.* at 478. The term "consult" encompasses "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."

Page 24 of 34

*Id.* Mr. Stephenson's affidavit and the attachment thereto establish that he fulfilled his obligation to consult with Spurlin and follow his wishes. Spurlin has not rebutted the presumption that his counsel acted reasonably, and he has not shown that he suffered any prejudice. Accordingly, Spurlin has not established that he is entitled to relief on his claims of ineffective assistance of counsel.

### D.    RULE 60 MOTIONS AND MOTION TO SUPPLEMENT § 2255

After the instant § 2255 motion became ripe, Spurlin filed a motion pursuant to Rules 60(b) and 60(d) of the Federal Rules of Civil Procedure and a supplement thereto. (ECF No. 51, 52). He claims that the indictment in his case was void. Spurlin posits that because the oath and appointment affidavits for the prosecuting Assistant United States Attorney, Gayle Littleton, were not properly executed and filed, she had no authority to proceed against him. (ECF No. 51). Spurlin insists that this was a jurisdictional defect for which there is no cure, rather than a procedural defect, and the indictment must be dismissed. (ECF No. 52). He also separately moved pursuant to Rule 15(d) to supplement his § 2255 motion to add a claim based on the same issue. (ECF No. 57).

Rule 60 of the Federal Rules of Civil Procedure, as a rule of civil procedure, does not provide relief from a judgment in a criminal case. *See United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir. 2003) (citing *United States v. Mosavi,* 138 F.3d 1365,

1366 (11th Cir. 1998)). While a Rule 60(b) motion can be used to seek review of an alleged defect in a federal habeas proceeding, it does not provide an avenue for relief as presented while Spurlin's habeas proceeding is still pending.

Furthermore, this claim is untimely under 28 U.S.C. § 2255 because it was raised on April 12, 2018, which is more than one year after Spurlin's judgment of conviction became final in June 2015. *See* 28 U.S.C. § 2255(f)(1). An untimely claim may be considered timely if it "relates back" to the claims raised in Spurlin's original motion. "In order to relate back, the untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). A proposed amendment asserting "a new ground for relief supported by facts that differ in time and type from those in the original pleading" does not relate back. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). The claim regarding former AUSA Littleton's personnel documents is unrelated to any of the previously raised grounds for relief discussed above. (*See* ECF Nos. 31, 45). Therefore, it does not "relate back" to the date of filing of the original or amended motion and it is untimely. *Davenport, supra.*

Finally, this claim lacks merit, as other courts that have addressed this claim have noted. *See United States v. Jackson*, No. CR-03-219-CAS, 2008 WL 4330252,

at *1 (C.D. Cal. Sept. 17, 2008); *United States v. Mariner*, Nos. 4:09-cr-101, 4:12-cv-072, 2012 WL 6082720, at *23 (D. N.D. Dec. 4, 2012). These courts have held that a document indicating no responsive records had been located pursuant to a Freedom of Information Act request was insufficient to establish that the respective AUSA had failed to comply with the requirements to assume the position. The *Mariner* court also noted that "[t]he decision of who will represent the United States in prosecuting a criminal case, or whether that individual has the authority to prosecute, does not affect the jurisdiction of the court to hear the case and adjudicate [a defendant] guilty." *Mariner*, 2012 WL 6082720, at *23 (citing *United States v. Fitzhugh*, 78 F.3d 1326, 1329-30 (8th Cir. 1996); *United States v. Suescun*, 237 F.3d 1284, 1287-88 (11th Cir. 2001)); *see also United States v. Easton*, 937 F.2d 160, 162 (5th Cir. 1991). Furthermore, because this claim alleges a non-jurisdictional error, it would be barred by Spurlin's guilty plea. *See Fitzhugh*, 78 F.3d at 1330; *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) ("A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant.").

For these reasons, Spurlin's request for Rule 60 relief and his request to supplement his § 2255 motion to add this claim should be denied.

**E.** <u>SPURLIN'S SECOND MOTION TO SUPPLEMENT</u>[7]

On January 22, 2019, Spurlin filed a second request to supplement his § 2255 motion pursuant to Fed. R. Civ. P. Rule 15(c) and (d), based on a claim of "actual innocence." (ECF No. 58). He asserts that the firearm he pleaded guilty to possessing does not exist and that the Government "failed to offer evidence sufficient to sustain the factual basis" for his plea. (ECF No. 58 at 4).

First, Spurlin procedurally defaulted on this claim insofar as he failed to raise it on direct appeal. As noted above, because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal generally are not actionable in a section 2255 motion and are procedurally barred. *Lynn*, 365 F.3d at 1234–35; *see Bousley*, 523 U.S. at 621; *McKay*, 657 F.3d at 1195. Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, or, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To

---

[7] The record does not contain a response from the Government, as it was not specifically directed to respond to this supplement. The second supplement was entered on the docket the same date as the court's order directing a response to the other motions.

show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. Spurlin has not articulated, much less established, cause and prejudice for this default.

Second, as discussed above, Spurlin signed a written statement of facts in which he admitted that he possessed a Glock .45 caliber semi-automatic pistol and three magazines loaded with 30 rounds of DRT .45 caliber ammunition. (ECF No. 19 at 2). At his plea hearing, under oath, Spurlin admitted that he reviewed the statement of facts carefully with his attorney before signing it. (ECF No. 39 at 10).. Spurlin admitted, under oath, that the statement of facts was true and that it was sufficient to convict him of the crimes charged. (*Id).* Spurlin also stated under oath that he was pleading guilty because he was in fact guilty of the charged offenses. (ECF No. 39 at 15). United States District Court Judge J. Richard Smoak, Jr., found that the facts admitted by Spurlin and contained in the written statement of facts were sufficient to sustain a finding of guilt. (*Id*). As noted above, a defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the plea constitute a nearly insurmountable barrier in any subsequent collateral proceedings. *Blackledge,* 431 U.S. at 73-74; *Winthrop-Redin*, 767 F.3d at

1216. Solemn declarations made by a defendant under oath in court carry a strong presumption of verity. *Blackledge*, 431 U.S. at 73-74; *Winthrop-Redin,* 767 F.3d at 1216. Only compelling evidence to the contrary will be sufficient to overcome them, and Spurlin has not presented compelling evidence to the contrary.

Third, Spurlin's contention that his Freedom of Information Act request— made to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF)—proves that the firearm he possessed did not exist mischaracterizes ATF's response. In his FOIA request, Spurlin asked for:

> all related documentation for a Glock 45 Mode 21 with Serial #WH928 under ATF ROI 767021-15-0008 that was seized at 3129 B. Street, Panama City, FL 32401 and used in criminal case No: 5:15-cr-0001MW-GRJ.

(ECF No. 58 at 9). ATF responded that it had no responsive records. (ECF No. 7 at 12). It did not state that the firearm did not exist. Indeed, ATF specifically informed Spurlin that it might have additional records that it could not release and that a negative response establishes essentially nothing:

> For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters *and should not be taken as an indication that excluded records do, or do not, exist.*

Page 30 of 34

(ECF No. 58 at 7). Accordingly, ATF's response does not establish that the firearm about which Spurlin inquired does not exist.

Fourth, even if Spurlin had established that he did not possess the .45 caliber Glock handgun, he was charged with possessing a firearm *and ammunition.* (ECF No. 9 at 2). Likewise, Spurlin pleaded guilty to possessing both a .45 caliber Glock handgun *and ammunition.* (ECF No. 39 at 8). In the written statement of facts Spurlin also admitted that he possessed ammunition. The mere possession of ammunition is sufficient to violate 18 U.S.C. § 922(g)(1). Spurlin has not alleged that he did not possess the ammunition. Therefore, even if he did not possess the .45 caliber Glock handgun, he still would be guilty of count two. Therefore, he has not established the invalidity of this conviction.

Fifth, this claim is unrelated to any ground that Spurlin previously raised and does not relate back to the original § 2255 petition, and thus it is time-barred. *See Davenport,* 217 F.3d at 1344; *Mayle,* 545 U.S. at 650. Spurlin may not rely on 28 U.S.C. § 2255(f)(4) to overcome his untimeliness.[8] Spurlin filed his request to

---

[8] This section provides that the one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255 runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

supplement his petition on January 17, 2019 (ECF No. 58), which was almost two years after ATF's response to Spurlin's FOIA request (dated January 19, 2017). (ECF No. 58). Spurlin offers no explanation for this delay. Spurlin's request to be permitted to supplement his motion should be denied, as it is untimely and is devoid of merit.

## IV – Conclusion

Spurlin has failed to show that any of the claims raised in his § 2255 petition have merit. He also has not demonstrated the necessity for an evidentiary hearing. Similarly, no relief is warranted on any of the other pending motions in this case. Therefore, all of Spurlin's pending motions should be denied in their entirety.

## V – Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases. Spurlin has not shown that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to

satisfy this showing) (citation omitted). Therefore, a certificate of appealability is not warranted.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district court judge in the objections permitted to this report and recommendation.

## VI – Recommendation

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Spurlin's motion to vacate, set aside, or correct sentence (ECF No. 31) be **DENIED**.

2. Spurlin's motion for relief pursuant to Fed. R. Civ. P. 60(b) and Fed R. Civ. P. 60(d), as supplemented (ECF Nos. 51, 52) be **DENIED**.

3. Spurlin's request to supplement his § 2255 motion (ECF No. 57) be **DENIED**.

4. Spurlin's request to file a second supplement to his § 2255 motion (ECF No. 58) be **DENIED**.

5. A certificate of appealability be **DENIED**.

Page 33  of 34

At Panama City Beach, Florida, this 16<u>th</u> day of August, 2019.


/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**



## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.